## Linton's Estate.

*Decedents' estates—Escheat—Intestacy—Trusts and trustees—Act of · April 17, 1869, P. L.* 71.·

. Real estate was conveyed to a trustee to collect the rents and pay them to S. during her life, and after her death to hold in trust to the use of her appointees by will, and in default of appointment by her, in trust to the use of such persons as would have taken her estate under the intestate laws if she had survived her husband. S. died leaving a will by which, after reciting the deed·of trust and her power of appointment, she directed that the trustee should hold the property in trust during the life of her husband, to pay him the rents, or to permit him to occupy the same. "And from and immediately after the decease of my said husband upon trust to hold the said messuages . . . . to and for the only proper use and behoof of such person or persons and for such estate or estates or to whom and as the same would have gone under the intestate laws of Pennsylvania, had I survived my said husband, and then died intestate." After the death of the husband it appeared that S. was without known heirs.. At the audit of the trustee's account, the rents collected since the death of the husband were claimed by his heirs and by the escheator. *Held* (1) that the will of S. divested the whole estate by providing for a remainder in fee after her husband's life estate; (2) that as there was no one to take under the will, and as trust estates escheat under the act of April 17, 1869, the' trustee held for the commonwealth, and as a dry trust it would be executed.

McCollum, C. J. and Brown, J., dissent.

Argued Jan. 2, 1900. Reargued Jan. 7, 1901. Appeal, No. 92, Jan. T., 1898, by the commonwealth, from decree of O.. C. Phila. Co., April T., 1897, No. 325, sustaining exceptions to adjudication in estate of Sarah Linton, deceased. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Exceptions to adjudication.

At the audit before FERGUSON, J., it appeared that on June 29, 1843, Hartman Kuhn and wife, by deed of that date, conveyed the premises 1018 Barley street in the city of Philadelphia to Charles Kuhn, Jr., in trust, to collect the rents and pay the same over to Sarah Linton, wife of William Linton, during her natural life, and from and immediately after the decease of the said Sarah to hold said premises to the use of such person and for such estate as the said Sarah by her last will and testament should direct and appoint.

Sarah Linton died in the year 1844, having first made and published her last will and testament in writing, duly probated, dated February 27, 1844, by which, after reciting the aforesaid deed of trust and her power of appointment thereunder, did direct and appoint that the said Charles Kuhn, Jr., should be and stand seized of the said premises upon the trust that during the natural life of her husband, William Linton, he should pay to him the net rents and profits of the said premises, or at his option to permit him to occupy the same. "And from and immediately after the decease of my said husband upon trust to hold the said messuage, lot of ground and premises with the appurtenances to and for the only proper use and behoof of such person or persons and for such estate or estates to whom and as the same would have gone under the intestate laws of Pennsylvania had I survived my said husband and then died intestate seized thereof."

William Linton, the husband, continued either in the occupancy or the receipt of the rents of the said premises down to the time of his death, in August, 1884.

As against the claim of the commonwealth that the estate has escheated, Robert A. Linton, a son of William Linton, in his own right and as grantee of the other children of William Linton, claimed the estate, and contended that there could be no escheat of an estate held in trust, but that the title would continue to vest in the trustee.

The auditing judge found as follows:

1. That an escheat has occurred.

2. That said escheat has occurred by reason of the death of Sarah Linton without heirs or kindred, and that the name of

the person last seized or possessed of the property in question was William Linton.

3. The estate that has escheated consists of the personal estate embraced in this account and the real estate No. 1018 Barley street, city of Philadelphia, valued at $1,000, as fully described in the petition filed by the deputy escheator in this case.

4. The said real estate is situated as aforesaid, and is now in the possession of Robert A. Linton, and the personal estate is now in the possession of the administrator.

Exceptions to the adjudication were sustained by the court in banc in an opinion by PENROSE, J.

*Errors assigned* were in sustaining exceptions to the adjudication.

*Joseph T. Ford*, with him *Samuel E. Cavin*, for appellant.—The premises vested in the commonwealth by escheat the instant that William Linton died: 1 Lewin on Trusts, *284; Crane v. Reeder, 21 Mich. 25; Com. v. Naile, 88 Pa. 429.

*M. J. O'Callaghan*, for appellee.—As the cestui que trust died in 1844, at a time when there was no provision for the escheat of trust estates, the commonwealth is now barred from proceeding to escheat this estate to the commonwealth: Commonwealth v. Naile, 88 Pa. 429.

OPINION BY Mr. JUSTICE FELL, February 25, 1901:

The real estate in question was conveyed in 1843 to Charles Kuhn in trust, to collect the rents and pay them to Sarah Linton, wife of William Linton, during her life, and after her death to hold in trust to the use of her appointees by will, and in default of appointment by her in trust to the use of such persons as would have taken her estate under the intestate laws if she had survived her husband. Sarah Linton died in 1844, testate. By her will, after reciting the deed of trust and her power of appointment, she directed that the trustees should hold the property in trust during the life of her husband to pay him the rents or to permit him to occupy the same. " And from and immediately after the decease of my said husband upon trust to hold

the said messuages . . . . to and for the only proper use and behoof of such person or persons and for such estate or estates to whom and as the same would have gone under the intestate laws of Pennylvania, had I survived my said husband and then died intestate." William Linton died in 1884. At the audit the rents collected since his death were claimed by his heirs and by the escheator. They were awarded to the latter. Exceptions to the adjudication were sustained by the orphans' court on the ground that the commonwealth had no title.

The intention of the granter was to part with the whole estate, both legal and equitable. The legal title is now and has been since 1843 in the trustee, (1) under the deed of trust for Sarah Linton for life; (2) under her will for her husband for life; (3) under her will for such persons as would have taken under the intestate laws if she had survived her husband and then died intestate, seized thereof. The only person who can now take under (3) is the commonwealth. The will of Sarah Linton divested the whole estate by providing for a remainder in fee after her husband's life estate. As there is no one to take under the will, and as trust estates escheat, under the act of April 16, 1869, the trustee now holds for the commonwealth, and as a dry trust it will be executed.

Her husband did not take the remainder because, first, his right was statutory and could arise only in case of intestacy on his wife's part. He was not within the statute. Secondly, she having power to do so by her will expressly excluded him. Her direction was that the remainder after the termination of the life estate should be held in trust for the use of such persons as would have taken under the intestate laws if she had survived him. If any relative appeared, he would take under the will, but none appearing and the devise being only for life and then over in fee, not if, or in case she survived him, but as if she had survived him, the act of 1833 names the commonwealth in default of known heirs or kindred. In order to carry out her will we must deal with the estate, not on the facts as they turned out to be, but as she directed them to be assumed.

The decree sustaining the exception to the adjudication is reversed.

McCOLLUM, C. J., and BROWN, J., dissent.